# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

JEREMY BALLARD,
o/b/o David Ballard (deceased),

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:15-CV-0438-CMK

MEMORANDUM OPINION AND ORDER

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 11) and defendant's cross-motion for summary judgment (Doc. 14).

/ / /

/ / /

## I.  PROCEDURAL HISTORY

Plaintiff's father, David Ballard, applied for social security benefits on October 31, 2011.  In the application, the claimant alleged that disability began on December 31, 2008. The claim was initially denied.  Upon David Ballard's death on July 1, 2013, plaintiff filed a substitution of party on July 15, 2013, and requested an on-the-record decision in lieu of a hearing.  In a July 26, 2013, decision, Administrative Law Judge ("ALJ") Mary L. Everstine determined that the claimant had not been disabled from the alleged onset date through the date of his death.  The ALJ concluded that, while plaintiff had the impairments of hypertension and type II diabetes, those impairments were not severe, either singly or in combination.  After the Appeals Council declined review on December 23, 2014, this appeal followed.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of

which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III.  DISCUSSION

In his motion for summary judgment, plaintiff argues: (1) the ALJ failed to include the claimant's coronary artery disease and depression as severe impairments; and (2) the ALJ failed to consider the claimant's work history in assessing credibility.

### A.     Severity of Impairments

In order to be entitled to benefits, the plaintiff must have an impairment severe enough to significantly limit the physical or mental ability to do basic work activities.  See 20 C.F.R. §§ 404.1520(c), 416.920(c).[1]  In determining whether a claimant's alleged impairment is sufficiently severe to limit the ability to work, the Commissioner must consider the combined effect of all impairments on the ability to function, without regard to whether each impairment alone would be sufficiently severe.  See Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996); see also 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523 and 416.923.  An impairment, or combination of impairments, can only be found to be non-severe if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.  See Social Security Ruling ("SSR") 85-28; see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28).  The plaintiff has the burden of establishing the severity of the impairment by providing medical evidence consisting of signs, symptoms, and laboratory

---

[1]     Basic work activities include: (1) walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. See 20 C.F.R. §§ 404.1521, 416.921.

findings.  See 20 C.F.R. §§ 404.1508, 416.908.  The plaintiff's own statement of symptoms alone is insufficient.  See id.

In this case, the ALJ stated: "The claimant had the following medically determinable impairments: hypertension and type II diabetes."  Regarding any other impairments, the ALJ stated:

> The claimant died on July 1, 2013.  While the cause of death is listed as arteriosclerotic heart disease, the record is not definitive in establishing the limitations as a result of the residuals of the stroke [in January 2013]. . . .[2]

Plaintiff argues:

> In this case the ALJ erred at the outset when he [sic] failed to correctly identify [the claimant's] coronary artery disease and depression as medically determinable impairments; this error standing alone altogether undermine's the ALJ's step 2 finding that [the claimant] does not have an impairment or combination of impairments which are "severe" within the meaning of the regulations.

The court disagrees.  As discussed above, a threshold requirement to receive social security benefits is the existence of a medically determinable impairment which is severe, meaning that, at a minimum, it is one that limits the physical or mental ability to do basic work activities.  The court accepts the lengthy medical history set forth in plaintiff's brief regarding coronary artery disease and depression.  This record, however, at best establishes the existence of

---

[2] The ALJ added that, because there was only a 6-month period following the claimant's stroke before he died, "these impairments do not meet the durational requirements of the Act."  Presumably, the ALJ is referencing 20 C.F.R. § 404.1509, which states: "Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months."  The reference to the duration requirement of the regulations is puzzling.  First, while the duration requirement is relevant in determining whether a particular impairment is sufficiently severe, the duration requirement is irrelevant in determining whether a claimant has an impairment that affects the ability to perform work activities.  Second, it appears that the ALJ is under the impression that the duration requirement means that, unless a condition actually lasted at least 12 months, it has no bearing on the disability analysis.  This would, of course, be incorrect given the plain language of the regulation which requires only that an impairment "be expected" to last for 12 months.  In any event, as explained in this decision, this possible error has no bearing on resolution of the issue raised by plaintiff – whether the ALJ erred with respect to the claimant's coronary artery disease and depression.

4

medically determinable impairments.  Plaintiff has not – nor can he given the lack of evidence – established that these conditions affected the claimant's physical or mental ability to perform basic work activities.

Plaintiff contends that the findings of agency consultative examining doctor Ursula Taylor, M.D., provide substantial evidence showing the effects of the claimant's impairments on his ability to perform work activities.  As to Dr. Taylor's findings, the ALJ stated:

> I. . . reject the consultative examination in Exhibit 2F, based on supportability with medical signs and laboratory findings; and inconsistency with the record.  Despite negative examination findings, other than mild deformity in the fingers and some decreased cervical range of motion, the consultative examiner opined the claimant was limited to a range of light work.  This opinion is rejected as not well supported, and inconsistent with the weight of the medical record showing no severe impairments at the time of the exam.

Plaintiff's argument is unpersuasive.  A review of Dr. Taylor's report at Exhibit 2F reveals no opinions as to mental functional limitations.  Therefore, the doctor's report does not provide substantial evidence with regard to the claimant's depression.  Similarly, the doctor made no findings of limitations specific to coronary artery disease.  In fact, as to the claimant's cardiovascular function, the doctor noted unremarkable objective findings.

**B.   Credibility**

The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996).  An explicit credibility finding must be supported by specific, cogent reasons.  See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990).  General findings are insufficient.  See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).  Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony.  See id.  Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not

credible must be "clear and convincing."  See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.  See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc).  As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof.  Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom.  By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.

80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions.  See Bunnell, 947 F.2d at 345-47.  In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms.  See Smolen, 80 F.3d at 1284 (citations omitted).  It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made.  See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

Regarding the claimant's credibility, the ALJ stated:

> . . .It is noteworthy that in October 2009, the claimant was capable of driving a motorcycle. In December 2011, in explaining to the consultative examiner why he was no longer working, he stated that he "chose to retire early," rather than stopped working due to disability. While not controlling, such considerations are inconsistent with disability and consistent with the ability to perform work. While pursuing his claim, the claimants allegations were not credible based on several references no non-compliance with medical advice. For example, he was not compliant based on failure to take hypertensive medication as prescribed, and failing to check blood glucose levels on a regular basis (Exhibit 1F). The record reflects he failed to attend all authorized visits for physical therapy and failed to return phone calls to his physical therapist (Exhibit 5F, page 198) Non-compliance with medical advice tends to diminish the claimant's credibility.

Plaintiff argues that this analysis is flawed because the ALJ failed to consider the claimant's unbroken 38-year work history. The crux of plaintiff's argument appears to be the notion that someone with such a history would not stop working for any reason other than actual disability and that this bolsters the credibility of the claimant's subjective allegations.

As defendant observes, the analysis in this case ended with the ALJ's conclusion that the claimant did not have severe impairments. At this phase of the analysis, the ALJ properly restricted her discussion to the medical evidence. See 20 C.F.R. § 404.1508. Thus, the claimant's credibility was irrelevant and any error in failing to consider the claimant's work history was immaterial to the ultimate disability determination. Furthermore, the ALJ properly cited instances of non-compliance with medical advice as a basis to discount the claimant's credibility.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

        1.     Plaintiff's motion for summary judgment (Doc. 11) is denied;

        2.     Defendant's cross-motion for summary judgment (Doc. 14) is granted; and

        3.     The Clerk of the Court is directed to enter judgment and close this file.

DATED:  March 17, 2016

                                              _____
                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE